UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVE S.,

    *Plaintiff*,

v.

MARTIN O'MALLY,

    *Defendant*.

No. 3:24cv718(MPS)

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Dave S., proceeding *pro se*, brings this action under 42 U.S.C. § 405(g), challenging the Commissioner of Social Security's decision denying his applications for Supplemental Security Income (SSI) and Social Security Disability Income (SSDI). ECF No. 1. The Commissioner has filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), or alternatively, a motion for summary judgment under Fed. R. Civ. P. 56.[1] ECF No. 17. For the reasons set forth below, the Commissioner's motion for summary judgment is **GRANTED**.

**I.    BACKGROUND**

The following facts are undisputed and are taken from the plaintiff's submissions, ECF No. 1, 14, and the Declaration of Janay Podraza, Court Case Preparation and Review Branch 2, Office of Appellate Operations, Social Security Administration and attached exhibits, submitted by the Commissioner. ECF No. 17-2.

---

[1] The Court gave notice that it intended to convert the motion to dismiss into one for summary judgment because the Commissioner submitted various documents outside the pleadings. ECF No. 22. The plaintiff was provided with notice under Local Rule 56. See ECF No. 22.

On April 21, 2023, the ALJ denied the plaintiff's SSI and SSDI applications. ECF No. 17-2 at 83. On May 25, 2023, the plaintiff, through counsel, requested that the Appeals Council review and reverse the ALJ's unfavorable decision. ECF No. 17-2 at 114.

On June 2, 2023, plaintiff's attorney moved to withdraw as counsel. ECF No. 14 at 39. She informed him that his appeal "has been filed and is pending with the Appeals Council." *Id.*

The plaintiff has not heard anything from the Appeals Council since the appeal was filed. *Id.* at 5. When he inquired of the status of his case at his local social security office, he was told that the case was closed. *Id.* at 4. On December 8, 2023, he wrote a letter to the Appeals Council requesting a status of his appeal. *Id.* at 47. He did not receive a response. *Id.* at 5.

On April 17, 2024, the plaintiff filed this action.

According to the Commissioner, the plaintiff's exceptions filed with the Appeals Council remain pending. ECF No. 17-2 at 3-4, Podraza Decl. ¶ 4(d).

**II.     Legal Standard**

"Summary judgment is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (internal quotation marks and citations omitted). In reviewing the summary judgment record, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 427 (2d Cir. 2013). "A genuine dispute of material fact exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). "Where no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Id.* (internal quotation marks omitted). Finally, where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them "to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted).

### III. Discussion

The Commissioner argues that the plaintiff failed to obtain a "final decision" under 42 U.S.C. § 405(g), and therefore has failed to exhaust his administrative remedies as required.

Section 405(g) of the SSA provides for judicial review of "any final decision ... made after a hearing." *Smith v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1765, 1773 (2019). Social security "claimants must generally proceed through a four-step process before they can obtain review from a federal court." *Id.* at 1772.

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council.… If a claimant has proceeded through all four steps on the merits, … § 405(g) entitles him to judicial review in federal district court.

*Id.*

"A determination is only final after the Appeals Council has denied review or decided the case after review. 20 C.F.R. § 404.981. It is at that point that there is a final decision subject to judicial review under 42 U.S.C. § 405(g)." *Williams v. Comm'r of Soc. Sec.*, No. 23-CV-1455 (LJL), 2024 WL 757264, at *4 (S.D.N.Y. Feb. 23, 2024).

3

The plaintiff's lack of exhaustion is apparent from his own complaint, *see* ECF No. 1 at 2, and the affidavit submitted by the Commissioner, ECF No. 17-2 at 3-4, Podraza Decl. ¶ 4(d). Because the Appeals Council has yet to rule on his request for review, there is no final decision for judicial review. *See Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 64 (2d Cir. 2020) (affirming dismissal for failure to exhaust administrative remedies where "a letter from the Appeals Council indicat[ed] that her claim was still under review"); *Peter G. v. Comm'r of Soc. Sec.*, No. 1:23-CV-1061-DB, 2024 WL 1769258, at *4 (W.D.N.Y. Apr. 24, 2024) (court held that where Plaintiff filed exceptions to the ALJ's decision with the Appeals Council, and those exceptions remained pending, the ALJ's decision "is not yet final, and judicial review is therefore not appropriate under 42 U.S.C. § 405(g)").

**Waiver**

Exhaustion "may be waived either by the [Commissioner] or, in appropriate circumstances, by the courts." *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). *See Dunn*, 832 F. App'x at 63 ("the failure to obtain a final decision is a waivable – and thus non-jurisdictional – requirement under 42 U.S.C. § 405(g)").

"[A] plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997). "[E]xhaustion is the rule, waiver the exception." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996).

The plaintiff asks that the Court exercise jurisdiction because he "doesn't believe" that the Appeals Council and the SSA will issue a "fair and impartial ruling in [his] case for benefits." ECF No. 20 at 2. In support, he points to the long history of his litigation regarding his request for

4

benefits, dating back to 2016[2], and the fact that it was been a year since the appeal was filed "with no decision." *Id.*

Waiver of the exhaustion requirement is not warranted. A claim is collateral to claims for benefits if the plaintiff "neither sought nor [is] awarded benefits in the District Court." *Bowen v. City of New York*, 476 U.S. 467, 483 (1986). The plaintiff's claim is not collateral to a demand for benefits—it is an express demand that the Court reverse the decision denying his claim for benefits. Further, the Court cannot conclude that exhaustion would be futile, because "[a] final agency decision and developed written record would ensure a more complete review in federal court." *Escalera v. Comm'r of Soc. Sec.,* 457 F. App'x 4, 7 (2d Cir. 2011). Finally, no irreparable harm would ensue from requiring exhaustion in this case, because Plaintiff could potentially recover the amount at issue if he prevailed through the administrative process. *See Moore v. Comm'r of Soc. Sec.*, No. 16-CV-1713 (SN), 2016 WL 6581330, at *3 (S.D.N.Y. Nov. 4, 2016).

**IV.    Conclusion**

For these reasons, the defendant's motion for summary judgment (ECF No. 17) is granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       August 7, 2024

---

[2] The plaintiff initially filed an application in 2016. See ECF No. 17-2, Podraza Decl., ¶ 4.